**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Norman Eugene VAN ZEE,
Defendant—Appellant.**

No. 03–3640.

United States Court of Appeals,
Eighth Circuit.

Submitted: May 11, 2004.

Filed: Aug. 17, 2004.

Thomas W. Clayton, argued, Sioux Falls, SD, for appellant.

James E. McMahon, argued, Asst. U.S. Atty., Sioux Falls, SD, for appellee.

Before LOKEN, Chief Judge, BRIGHT and SMITH, Circuit Judges.

LOKEN, Chief Judge.

After the district court[1] denied his motion to suppress following an evidentiary hearing, Norman Eugene Van Zee entered a conditional plea of guilty to the charge of possession with intent to distribute a con-

1. The HONORABLE LAWRENCE L. PIERSOL, Chief Judge of the United States District Court for the District of South Dakota, adopting the Report and Recommendation of the HONORABLE JOHN E. SIMKO, United

trolled substance in violation of 21 U.S.C. § 841(a)(1). Van Zee now appeals, arguing that the district court should have suppressed evidence seized during a warrantless search of his vehicle and additional incriminating evidence obtained as a result of this search. Concluding that the district court's critical findings of fact are not clearly erroneous, we affirm.

We will briefly state the essential facts as found by the district court. In early March 2003, South Dakota state criminal investigators obtained a warrant to search Van Zee's home in Huron and any vehicles found at the home, and to obtain a urine sample from Van Zee. The information on which the warrant was based included reports that Van Zee kept marijuana, methamphetamine, and firearms in a white Chevrolet truck, that he used homemade glass pipes for smoking methamphetamine, and that he had threatened officers in Utah following an arrest for drug possession.

Eight days later, the investigating agents gathered to execute the warrant. During a preliminary drive by the home, an agent saw Van Zee leave in his white truck. Five agents in three vehicles maintained surveillance of the truck. When Van Zee began driving evasively, the agents stopped him in a bank parking lot. One agent drew his firearm, ordered Van Zee to exit the truck, and escorted Van Zee to the rear of the truck. A second agent opened the passenger-side doors, looked for passengers, and found none. Special Agent Dennis Marek looked in the open driver-side door. He saw one to one-and-one-half inches of glass tubing protruding from a bandana on a console between the front seats. Marek lifted the edge of the bandana and confirmed that the tube was part of a glass pipe. Leaving the pipe and bandana where they were,

Marek rejoined the other agents and advised that he had found narcotics paraphernalia, which gave them probable cause to search the truck. When Van Zee heard this, he angrily declared that no glass pipe was visible from outside the truck.

Van Zee was then handcuffed and told that he would be taken to the police station for a urine sample (as he concedes the warrant authorized) and that his truck would be taken to the police station and searched. Van Zee said he knew a great deal about local drug activity, expressed an interest in cooperating, and asked to be interviewed at his home rather than be seen with the agents in a bank parking lot or being taken to the police station. One agent drove Van Zee in the truck to his home, where he made incriminating statements after Miranda warnings while other agents completed the warrant search of his home and truck. In the truck, they found over one pound of methamphetamine, additional glass pipes wrapped in bandanas, and a quantity of marijuana.

Van Zee argues on appeal, as he did in the district court, that agent Marek had no probable cause to search the truck after the agents led Van Zee away from the truck, conducted a pat-down search for officer safety, and confirmed there were no passengers in the truck. He further contends that evidence subsequently obtained at his home—the incriminating statements and the contraband found in the truck—are inadmissible as poisoned fruit of Marek's unconstitutional search. The district court rejected these contentions for three reasons. We need consider only one—that the agents had probable cause to search the truck when Marek saw the end of a glass tube in plain view on the truck console because Marek reasonably believed it was part of a glass "crank" pipe based on

his experience as a narcotics investigator and what the agents had been told about Van Zee's drug activities. Van Zee argues that Marek was not credible in testifying that he saw a glass tube protruding from the bandana. Therefore, he argues, no contraband or evidence of a crime was in plain view, and Marek violated Van Zee's Fourth Amendment rights by lifting the edge of the bandana to uncover the glass pipe. However, the district court expressly found credible Marek's testimony that he saw a glass tube protruding from the bandana and knew with reasonable certainty it was the end of a "crank" pipe. After careful review of the record, we conclude these findings are not clearly erroneous and establish that the agents had probable cause to search the truck at Van Zee's home. *See, e.g., United States v. Weinbender*, 109 F.3d 1327, 1330 (8th Cir. 1997).

Accordingly, the judgment of the district court is affirmed.