# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1235

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Robert L. Hill, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 16, 2004
Filed: October 20, 2004

_____

Before COLLOTON, HEANEY, and HANSEN, Circuit Judges.

_____

HEANEY, Circuit Judge.

Following a jury trial, Robert L. Hill was convicted of possession with intent to distribute crack, possession of a firearm in relation to a drug trafficking crime, and being a felon in possession of a firearm. Hill appeals, contending that the district court[1] erred in failing to suppress evidence that he contends was illegally obtained. He further argues that his conviction for being a felon in possession of a firearm

_____

[1]The Honorable Gary A. Fenner, United States District Court for the Western District of Missouri.

cannot stand because Congress exceeded its authority in enacting the statute of conviction. We affirm.

## BACKGROUND

At about 10:00 p.m. on April 2, 1999, Kansas City, Missouri Police Officer Travis Williams saw a blue Chevrolet Caprice driving on 24th Street in Kansas City. The car passed over the center line of the street for a few seconds, straddling two lanes of traffic. Upon observing this, Williams became suspicious and pulled the car over. He ran a computer check on the driver, Robert Hill, and determined that Hill had an outstanding arrest warrant for possession of a controlled substance. Williams then directed Hill to get out of the car, and placed him under arrest on the outstanding warrant. Hill also received a traffic ticket for straddling two marked lanes of traffic.

Before leaving, Hill told the officers that he did not want the car towed, and asked if his passenger, Anthony Sims, could take it. Sims did not have a valid drivers license, and thus was not allowed to drive the car away. Hill then stated that the car belonged to his girlfriend, which eventually was verified as true. A computer check of the vehicle's plate at the scene, however, indicated that Hill was associated with the car. According to Williams, Hill was adamant that Sims should take the car, and that it did not belong to him. Hill's nervous behavior and focus on the car aroused Williams's interest in the vehicle.

Eventually, other officers who had heard Hill's name broadcast over the police radio came to the scene of the stop. One of the officers, Sergeant Hamilton, had an extensive background in the department's narcotics unit. He told Williams that Hill was suspected of drug sales in the area. Based on Hamilton's comment, Hill's drug warrant, and Hill's behavior, Williams called for a canine unit.

Officer Edwards and his canine partner, Ischa, then arrived at the scene. Edwards had been a canine officer for thirteen years, and Ischa had been working with him as a drug dog for approximately two and a half years, and had conducted about 1,300 vehicle searches. Edwards and Ischa walked around the Caprice, and Ischa stopped at the passenger door and indicated that drugs were inside the car.[2] Edwards then opened the door, and Ischa indicated that drugs were in the glove compartment.

Following Ischa's alert, Williams and another officer entered the car and eventually pried open the locked glove compartment. Once the door was pried open, a handgun and a large bag of crack fell out of the compartment. Ischa then went back in the car, and indicated that drugs were present under the driver's side kick panel next to the emergency brake. Officers pulled off this panel and found more crack.

Hill was charged by way of indictment with 1) possessing with intent to distribute fifty grams or more of crack, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); 2) possessing a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and 3) possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). He moved to dismiss the felon in possession charge, arguing that Congress exceeded its authority in enacting the statute. He also moved to suppress evidence obtained from the search of his car. The district court referred both motions to a magistrate,[3] who recommended that the motions be denied. The district court accepted the recommendations, and following a two day trial, Hill was convicted of all three counts. He was sentenced to a

---

[2]According to Edwards, Ischa indicates that drugs are present by getting his nose as close as possible to the source of the narcotic odor, then sits and stares at the source.

[3]The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

mandatory term of life imprisonment for the drug conviction, a 120 month concurrent sentence for being a felon in possession of a firearm, and a consecutive 60 month sentence for using a gun in relation to the drug offense. This appeal followed.

**ANALYSIS**

Hill argues that the district court erred in denying his motion to suppress evidence from the warrantless search of the car. The district court found that although the search was conducted without a warrant, it was permissible as a search incident to arrest and under the automobile exception to the warrant requirement. The district court further held that the drugs and gun would have been inevitably discovered by way of an inventory search once the car was impounded. "We will uphold the district court's denial of a motion to suppress unless it rests on clearly erroneous findings of fact or reflects an erroneous view of the applicable law." United States v. Rogers, 150 F.3d 851, 855 (8th Cir. 1998).

Searches conducted without a warrant are per se unreasonable, subject to a few well-established exceptions. United States v. Madrid, 152 F.3d 1034, 1037 (8th Cir. 1998) (citing Horton v. California, 496 U.S. 128, 133 n.4 (1990)). One such exception is the so-called "automobile exception," which authorizes officers to search a vehicle without a warrant if they have probable cause to believe the vehicle contains evidence of criminal activity. United States v. Wells, 347 F.3d 280, 287 (8th Cir. 2003). The government bears the burden of establishing that an exception to the warrant requirement applies. Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971).

Our court has held that a canine sniff of the exterior of a vehicle does not constitute a search subject to the Fourth Amendment's strictures. United States v. $404,905.00 in U.S. Currency, 182 F.3d 643, 647 (8th Cir. 1999). In Hill's case, Ischa the drug dog was called out to inspect Hill's car after Hill had already been arrested. Since the use of a canine here did not result in any seizure of Hill or his car

-4-

beyond what he would have otherwise endured, officers did not need any justification for holding the car pending the canine inspection. By Edwards's account, Ischa alerted on the outside of the car. Given Hill's nervous behavior, his warrant for a controlled substance crime, his reputation for engaging in drug activity, and, most importantly, the indication from a qualified drug dog that drugs were in the vehicle, we hold the district court did not err in finding there was probable cause to search the vehicle's interior for such contraband. See United States v. Linkous, 285 F.3d 716, 721 (8th Cir. 2002) (holding that where a qualified drug dog alerts to the presence of contraband in a vehicle, officers have probable cause to search the vehicle); United States v. Munroe, 143 F.3d 1113, 1116 (8th Cir. 1998) (same). Because the search of Hill's vehicle was permissible pursuant to the automobile exception, we affirm the district court's denial of Hill's suppression motion, without considering its alternative holdings.

Hill next asserts that Congress had no authority to promulgate 18 U.S.C. § 922(g)(1), prohibiting felons from possessing firearms, and thus his conviction for violating that statute must be reversed. He contends that since the statute does not require proof of a substantial effect on interstate commerce, it is not a valid exercise of congressional regulatory power under the Commerce Clause. He argues in the alternative that even if the statute is facially constitutional, it is unconstitutional as applied to him because the indictment failed to allege a substantial effect on interstate commerce.

In United States v. Stuckey, 255 F.3d 528 (8th Cir. 2001), our court addressed the argument that Hill now puts forth with regard to the facial constitutionality of § 922(g)(1). We held that § 922(g)(1) is a permissible extension of congressional authority pursuant to the Commerce Clause. Id. at 530. As Hill recognizes, "[t]his holding appears to foreclose much of the defendant's arguments." (Appellant's Br. at 9.) Consistent with our precedent, United States v. Speakman, 330 F.3d 1080,

1082 n.6 (8th Cir. 2003), we hold that the enactment of § 922(g)(1) was not beyond the scope of congressional authority.

Hill's claim that the indictment was defective because it did not allege a substantial affect on interstate commerce also fails. The statute in question requires proof that Hill, a felon, possessed a gun "in or affecting commerce." 18 U.S.C. § 922(g). The indictment tracks this language, and we fail to see how an indictment under § 922(g)(1) that tracks the statutory elements is defective. See United States v. Gresham, 118 F.3d 258, 264-65 (5th Cir. 1997) (holding that an indictment under § 922(g)(1) was not required to allege a "substantial effect" on interstate commerce; an indictment which tracked the statutory language was sufficient). We thus affirm Hill's conviction for being a felon in possession of a firearm.

## CONCLUSION

In this appeal, Hill argues that the district court erred by failing to suppress evidence from the warrantless search of his vehicle. We find that the search was permissible under the automobile exception to the warrant requirement. He further argues that his conviction for being a felon in possession of a firearm cannot stand because the statute was unconstitutional on its face and as applied. Our court has upheld the facial constitutionality of this statute when presented with an identical challenge, and Hill's indictment sufficiently alleged the essential elements of his offense. Accordingly, we affirm the district court.

_____