# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2218

_____

United States of America,        *
                             *

        Plaintiff - Appellee,    *

                             *  Appeal from the United States

      v.                     *  District Court for the

                             *  Northern District of Iowa.

George Alan Lindsey,        *

                             *  [UNPUBLISHED]

        Defendant - Appellant.   *

_____

Submitted: December 13, 2005
Filed: December 16, 2005

_____

Before BYE, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

George Alan Lindsey pleaded guilty to possessing pseudoephedrine pills with intent to use them to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). He appeals his conviction claiming the district court[1] erred in denying his motion to suppress evidence. We affirm.

On February 24, 2004, Officer Stephen Dudak of the Iowa State Patrol stopped Lindsey on Highway 20 in Delaware County, Iowa, for speeding. Dudak asked

_____

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Lindsey to step out of his vehicle after observing a chemical odor wafting from the car and three eyeglasses cases in the passenger seat. He also noticed Lindsey's eyes were glassy and his pupils appeared small. Lindsey answered all of Dudak's questions without difficulty and denied possessing firearms or controlled substances. When asked whether Lindsey possessed methamphetamine, he appeared nervous but responded "no." Dudak then asked if he could search Lindsey's vehicle. Lindsey gave both oral and written consent, but noted he was embarrassed by "dirty" magazines in the car.

During the search, Dudak found methamphetamine, a butane lighter, and a drug pipe in one of the eyeglasses cases. He placed Lindsey under arrest. Once Lindsey arrived at the sheriff's office, he was read his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Lindsey then admitted his involvement in the manufacture of methamphetamine. A urine sample was collected, which tested positive for methamphetamine. An inventory search of Lindsey's vehicle uncovered 660 pseudoephedrine pills, starter fluid, lithium batteries, and other items used to manufacture methamphetamine. Lindsey moved to suppress the evidence, but the district court denied the motion on the grounds Dudak had probable cause and Lindsey gave consent.

We review the district court's "conclusions of law regarding a motion to suppress de novo and its fact findings for clear error." United States v. Sanders, 424 F.3d 768, 773 (8th Cir. 2005) (citing United States v. Booker, 269 F.3d 930, 931 (8th Cir. 2001)).

Under the Fourth Amendment, searches "conducted without a warrant are per se unreasonable, subject to a few well-established exceptions." United States v. Kennedy, 427 F.3d 1136, 1140 (8th Cir. 2005). Under the "automobile exception," an officer can "search a vehicle without a warrant if [he has] probable cause to believe the vehicle contains evidence of criminal activity." United States v. Hill, 386 F.3d

855, 858 (8th Cir. 2004) (citing <u>Coolidge v. New Hampshire</u>, 403 U.S. 443, 455 (1971)). In this case, the district court found probable cause because of odors of marijuana and other chemicals from Lindsey's vehicle, Lindsey's glassy eyes and small pupils, the presence of multiple eyeglasses cases on the passenger seat of Lindsey's automobile, and Lindsey's nervous behavior when asked about methamphetamine. We have previously upheld warrantless searches based, in part, on suspicious odors emanating from a suspect's automobile. <u>See</u>, <u>e.g.</u>, <u>United States v. Gerard</u>, 362 F.3d 484, 489 (8th Cir. 2004) (noting odor of illegal drugs can be "highly probative in establishing probable cause for a search"). Viewing the totality of the evidence, <u>see</u> <u>United States v. Caves</u>, 890 F.2d 87, 90 (8th Cir. 1989), the district court did not err.

Additionally, the district court found Lindsay gave valid consent to the search of his vehicle. Consent must be given knowingly and voluntarily, and the finding of consent is a matter of fact reviewed for clear error. <u>Sanders</u>, 424 F.3d at 773 (citing <u>United States v. Lee</u>, 356 F.3d 831, 834 (8th Cir. 2003)). "The test applied to determine if consent is free and voluntary is whether, in light of the totality of the circumstances, consent was given without coercion, express or implied." <u>Id.</u> (citing <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 227 (1973)).

The record shows Lindsey was forty-one at the time of the incident, possessed a graduate equivalency degree, and had a not insignificant criminal history. Although he may have been under the influence of drugs at the time he gave consent, there is no evidence of coercion or improper police tactics. <u>United States v. Gipp</u>, 147 F.3d 680, 686 (8th Cir. 1998). The "mere fact that one has taken drugs, or is intoxicated, or mentally agitated, does not render consent involuntary." <u>United States v. Rambo</u>, 789 F.2d 1289, 1297 (8th Cir. 1986). In fact, Lindsey was capable of answering Dudak's questions and even stated he was embarrassed about the "dirty" magazines in his vehicle. Although <u>Miranda</u> warnings were not administered until after the search was completed, this, too, does not render Lindsey's consent involuntary. <u>See</u>

United States v. Fleck, 413 F.3d 883, 892 (8th Cir. 2005). Under the totality of the circumstances, the district court did not clearly err in denying the motion to suppress.

Because the district court did not err in denying Lindsey's motion to suppress the evidence, his later admissions are not "fruit of the poisonous tree." Accordingly, we affirm.

_____