# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4082

_____

United States of America,      *
     *
         Appellee,      *
     * Appeal from the United States
      v.      * District Court for the
     * Western District of Missouri.
Reginald Irish,      *
     * [UNPUBLISHED]
         Appellant.      *

_____

Submitted: July 30, 2008
Filed:   July 31, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges

_____

PER CURIAM.

Reginald Irish pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced Irish to 77 months in prison and 3 years of supervised release. On appeal, Irish's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), and Irish has filed three pro se briefs. For the following reasons, we reject the arguments that they have raised.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

First, the Second Amendment does not bar laws prohibiting felons from possessing firearms.  See Dist. of Columbia v. Heller, 128 S. Ct. 2783, 2816-17 (2008).  Second, Congress did not exceed its authority or violate the Commerce Clause when it enacted section 922(g).  See United States v. Hill, 386 F.3d 855, 859 (8th Cir. 2004); United States v. Shepherd, 284 F.3d 965, 969 (8th Cir. 2002).  Third, general federal criminal laws like section 922(g) apply nationwide.  See Lewis v. United States, 523 U.S. 155, 171 (1998).  Last, the required nexus between a firearm and commerce is established by showing that the firearm at one time traveled in interstate commerce.  See United States v. Leathers, 354 F.3d 955, 959 (8th Cir. 2004).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues.  We grant counsel's motion to withdraw, and deny Irish's motions for appointment of new counsel and for a writ of habeas corpus ad testificandum.  The judgment is affirmed.

_____