# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3536

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| | * | |
| Uneal Davis, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 14, 2009
Filed: July 2, 2009

_____

Before RILEY, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Uneal Davis was charged with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2). Davis entered a plea of guilty conditioned on his right to appeal the district court's[1]

_____

[1] The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

denial of his motion to suppress.[2]  He appeals on the ground that the firearm was seized pursuant to a warrantless search of his vehicle in violation of the Fourth Amendment.  We affirm.

I.

On May 4, 2007, Officer Shelby Howard of the Joplin, Missouri, police department stopped a 2007 Nissan Altima driven by Davis for speeding.  John Hicks, a deputy with the Jasper County Sheriff's Department, assisted Officer Howard during the traffic stop.  Because Officer Howard smelled the odor of marijuana as he approached the vehicle, he asked Davis to exit the vehicle so he could conduct a pat-down search.

During the pat-down, Officer Howard felt a lump that he believed to be a plastic bag in Davis's pocket.  After Davis admitted that the lump was a bag of marijuana, Officer Howard arrested Davis and placed him in Deputy Hicks's patrol car.  Officer Howard then ordered the three passengers riding with Davis out of the car so that he could search the vehicle.  None of the passengers was secured in handcuffs while Officer Howard searched the vehicle.  During the search, Officer Howard found a loaded Smith & Wesson 9mm handgun in the center console.  Officer Howard also observed opened bottles of beer in the vehicle and arrested one of the passengers, Gregory Harlin, for being a minor in possession of alcohol.  The two remaining passengers left in a taxi because they had been drinking.

After his indictment, Davis filed a motion to suppress the handgun on the ground that the search was impermissible under the decision by the Arizona Supreme

---

[2]As acknowledged in his plea agreement, Davis has two previous felony convictions, burglary in the second degree and robbery in the second degree.  Both offenses are punishable by a term of imprisonment of more than one year under the laws of the State of Missouri.

Court in State v. Gant, 162 P.3d 640 (Ariz. 2007), cert. granted in part, 128 S. Ct. 1443 (2008), which required that officers demonstrate a threat to their safety or a need to preserve evidence in order to justify a warrantless search incident to arrest. Id. at 643-44. The government opposed the motion on three alternative grounds: 1) that the search of the vehicle was a lawful search incident to arrest; 2) that under the "automobile exception" the odor and discovery of marijuana provided probable cause to search the vehicle without a warrant; and 3) that the firearm would have inevitably been discovered during an inventory search of the car after it was impounded. The district court denied Davis's motion on the grounds that both the search-incident-to-arrest and automobile exceptions obviated the need for a warrant. It declined to address the government's inevitable discovery argument. After Davis filed this appeal, the Supreme Court affirmed the Arizona Supreme Court's decision in State v. Gant limiting the search-incident-to-arrest exception to situations either threatening officer safety or the preservation of perishable evidence. Arizona v. Gant, 129 S. Ct. 1710, 1723 (2009).

## II.

"We review the district court's findings of fact for clear error and the ultimate question whether the Fourth Amendment was violated de novo." United States v. Green, 560 F.3d 853, 856 (8th Cir. 2009). Davis does not challenge any of the district court's factual findings. Accordingly, we are faced with the purely legal question of whether the search of Davis's vehicle without a warrant was permissible under the Fourth Amendment.

It is now axiomatic that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967) (footnote omitted). "The exceptions are jealously and carefully drawn, and there must be a

showing by those who seek exemption . . . that the exigencies of the situation made that course imperative." Coolidge v. New Hampshire, 403 U.S. 443, 455 (1971) (quotation and footnote omitted). "Among the exceptions to the warrant requirement is a search incident to a lawful arrest." Gant, 129 S. Ct. at 1716. Another "such exception is the so-called 'automobile exception,' which authorizes officers to search a vehicle without a warrant if they have probable cause to believe the vehicle contains evidence of criminal activity." United States v. Hill, 386 F.3d 855, 858 (8th Cir. 2004).

Davis's primary argument is that the Gant decision requires suppression because the search of his vehicle was not a valid search incident to arrest.[3] In Gant, police officers stopped the defendant's vehicle because he had an outstanding warrant for driving with a suspended license. 129 S. Ct. at 1714-15. The Supreme Court suppressed the evidence because the driver and two of his associates were "handcuffed and secured in separate patrol cars . . ." before the search of his vehicle, and no evidence of the offense of arrest of driving with a suspended license could possibly be obtained by a search of his vehicle. Id. at 1715, 1719.

The Gant decision confined the applicability of the search-incident-to-arrest exception to two situations. First, police may "search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." Id. at 1719. The within-reach requirement places the search-incident-to-arrest exception within the boundaries set by the two underlying rationales for the rule set forth in Chimel v. California, 395 U.S. 752 (1969)—ensuring officer safety and protecting perishable evidence. Id. at

---

[3]Davis bases his appeal on the Arizona Supreme Court's decision because the United States Supreme Court had not yet rendered its decision when Davis filed his appeal. Henceforth, when we refer to the Gant decision, we are referring to the United States Supreme Court's decision, Arizona v. Gant, 129 S. Ct. 1710 (2009).

762-63.[4] In addition to the within-reach requirement, <u>Gant</u> also provided "that circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" <u>Gant</u>, 129 S. Ct. at 1719 (<u>quoting</u> <u>Thorton v. United States</u>, 541 U.S. 615, 632 (2004) (Scalia, J., concurring in judgment)). Thus, police may validly search an automobile incident to an "arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the of the search *or* it is reasonable to believe the vehicle contains evidence of the offense of arrest." <u>Id.</u> at 1723 (emphasis added).

Under the <u>Gant</u> decision, Officer Howard lawfully searched Davis's automobile. At the time of the search, Officer Howard had already discovered

---

[4]Basing the exception on the twin rationales of officer safety and the preservation of perishable evidence, <u>Chimel</u> limited the *scope* of a search incident to arrest to "the arrestee's person and the area 'within his immediate control'–construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." 395 U.S at 763. In <u>New York v. Belton</u>, 453 U.S. 454 (1981), the <u>Chimel</u> rule was applied to vehicle searches to "hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." <u>Id.</u> at 460 (footnote omitted). After <u>Belton</u>, it was unclear whether <u>Chimel</u>'s rationales limited the *applicability* of this exception to situations in which the arrestee actually posed such a threat. Subsequent courts disagreed as to whether <u>Belton</u>'s seemingly bright-line rule removed the exception from its moorings in <u>Chimel</u>'s rationales of protecting officer safety and preserving destructible evidence. Some courts continued to limit searches pursuant to traffic arrests to situations in which officers could show that the arrestee or undetained passengers were capable of accessing the passenger compartment. Most others took <u>Belton</u> at face value and permitted automobile searches even after the suspect had been handcuffed and safely secured. <u>See</u> <u>Gant</u>, 129 S. Ct. at 1718 n.2 (collecting and comparing cases). <u>Gant</u> settled the issue by limiting the applicability of vehicular searches incident to arrest within the confines of the two <u>Chimel</u> rationales of safety and evidence-preservation.

marijuana in Davis's pocket and placed Davis in custody.  The odor of marijuana was wafting from the car.  Empty beer bottles lay strewn in the back seat.  Three passengers, all of whom had been drinking, were not in secure custody and outnumbered the two officers at the scene.  Each of these facts comports with Gant's within-reach requirement and its two underlying rationales as articulated in Chimel.  Although Davis had been detained, three unsecured and intoxicated passengers were standing around a vehicle redolent of recently smoked marijuana.  These facts are textbook examples of "[t]he safety and evidentiary justifications underlying *Chimel*'s reaching-distance rule . . . ."  Gant, 129 S. Ct. at 1714; see also id. at 1719 (distinguishing New York v. Belton, 453 U.S. 454 (1981), on the grounds that there a single officer was confronted with four unsecured arrestees, whereas in Gant five officers had handcuffed and secured three arrestees in different patrol cars).[5]

In addition to his search-incident-to-arrest challenge, Davis also appeals the district court's ruling that the search was permissible under the "automobile exception" to the warrant requirement.  "Under the automobile exception, officers may search a vehicle without a warrant if they have probable cause to believe the vehicle contains evidence of criminal activity."  United States v. Cortez-Palomino, 438 F.3d 910, 913 (8th Cir. 2006) (per curiam).  In Cortez-Palomino, we held that the search of an automobile was supported by probable cause where officers observed packages wrapped in cellophane and detected the odor of masking agents commonly used to obscure the smell of narcotics.  Id.  If there had been any doubt about whether the smell of smoldering cannabis constituted probable cause to search the vehicle, such doubt was obviated by the discovery of a bag of marijuana in Davis's pocket.

---

[5]We also note that the discovery of marijuana in Davis's pocket combined with the smell of recently burned marijuana made it "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle."  Gant, 129 S. Ct. at 1719 (quoting Thornton v. United States, 541 U.S. 615, 632 (2004)).  We do not decide the case on this basis, however, because the evidence-of-arresting-offense rule had not been established until after the filing of this appeal.

-6-

Consequently, Officer Howard was permitted to search Davis's vehicle without a warrant under the automobile exception.[6]

III.

Accordingly, we affirm the district court's denial of Davis's motion to suppress.

---

[6]It is unnecessary to address the government's argument that the firearm would have inevitably been discovered during an inventory search after the vehicle had been impounded.