# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1841

_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Nathaniel Speed

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 17, 2014
Filed: December 22, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

A jury convicted Antonio Speed of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and the district court[1] sentenced him

_____

[1] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

to 84 months in prison, within the advisory Guidelines imprisonment range of 77-96 months. Speed appeals his conviction and sentence, and his counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). In addition, Speed has filed a supplemental pro se brief. Addressing in turn each of the arguments raised in the briefs, we affirm.

We first conclude that the evidence, viewed in the light most favorable to the government, and resolving evidentiary conflicts in favor of the government, was sufficient to support the guilty verdict. See United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006) (standard of review). The government adduced evidence that Speed had prior felony convictions, and that a firearm seized during a search of his residence on July 11, 2013, was manufactured outside Missouri. See United States v. Brown, 422 F.3d 689, 691-92 (8th Cir. 2005) (felon-in-possession elements). We also conclude that the 84-month sentence imposed was not unreasonable, see United States v. Wanna, 744 F.3d 584, 589 (8th Cir.) (standard of review), cert. denied, 135 S. Ct. 125 (2014); and we find no merit to Speed's challenges to the jurisdiction of the district court over these criminal proceedings, and to the constitutionality of section 922(g), see United States v. White Horse, 316 F.3d 769, 772 (8th Cir. 2003) (subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231); United States v. Seay, 620 F.3d 919, 924-25 (8th Cir.2010) (rejecting Second Amendment challenge); United States v. Hill, 386 F.3d 855, 859 (8th Cir.2004) (rejecting Commerce Clause challenge). Speed's remaining arguments concerning his lack of access to legal materials and the prosecutor's closing argument are unpreserved, and are unsupported by a showing of prejudice.

Finally, we have reviewed the record independently in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues.

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____