Applying For Supervisory and/or Remedial Writs, Parish of Orleans, Criminal District Court Div. F, No. 526-041; to the Court of Appeal, Fourth Circuit, No. 2015-K-1245.
h Granted. See per curiam.
Stay denied; writ granted. The District Court erred in finding that the war-rantless search of the vehicle was impermissible under Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009) because the officer had no reason to believe any additional evidence beyond that already observed in plain view would be found in the vehicle. Pursuant to Gant, “[pjolice may search a vehicle incident to a recent occupant’s arrest only if the arres-tee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.” Id., 556 U.S. at 351, 129 S.Ct. at 1723 (emphasis added). There is no requirement, post-Gant, that an officer must assume that the evidence in plain view is the only evidence the vehicle will contain of the offense of arrest. Here, the officer smelled marijuana during the lawful traffic stop, saw what might constitute a source of the smell, and an unsolicited admission was volunteered that the occupants were smoking illegal synthetic cannabinoids. As the dissent correctly noted in the court below, the officer could then reasonably conclude additional evidence relevant to the crime of arrest might be found in the vehicle. See, e.g., United States v. Davis, 569 F.3d 813, 817 n. 5 (8th Cir.2009) (‘‘We also note that the discovery of marijuana in Davis’s pocket combined with the smell of recently burned marijuana made it ‘reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.’”) |g(quoting Gant); see also United States v. Lightbourn, 357 Fed.Appx. 259, 265 (11th Cir.2009) (“Because *709 Lightbourn was arrested for possession of marijuana, and because Wever had already observed suspected marijuana on the passenger seat, it would be reasonable to believe that additional marijuana or other drug paraphernalia would be found inside the vehicle.”). Therefore, the District Court’s ruling granting the motion to suppress is reversed. The State’s motion for stay is hereby denied, and the defendants’ motion to suppress is denied. This case is remanded for further proceedings.
JOHNSON, C.J., dissents and would deny stay and deny writ.
WEIMER, J., dissents and would grant and docket.