# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1135

_____

United States of America,

*Plaintiff - Appellee,*

v.

Brian J. Daniel,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 25, 2015
Filed: January 5, 2016

_____

Before WOLLMAN, COLLOTON, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Brian Daniel entered a conditional guilty plea to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and

924(a)(2). On appeal, Daniel challenges an order of the district court[1] denying his motion to suppress evidence discovered in a search of his vehicle. We affirm.

On the evening of February 14, 2013, Officers Britten and Gaddis of the Kansas City, Missouri Police Department observed a black Ford Explorer parked in what they considered a "high narcotics area." A black male was sitting in the back of the vehicle, and the officers saw him engage in what appeared to be a hand-to-hand drug transaction with a man standing outside of the vehicle. Britten, an experienced officer, testified that the two men were clearly "handing stuff back and forth" in a manner that suggested a drug sale. Rather than stop the men immediately, the officers drove around the corner to run a computer check on the vehicle's license plate. The check revealed that the vehicle was registered to an address associated with Brian Daniel, a man for whom there were two outstanding arrest warrants. The physical description of Daniel matched the man sitting inside the vehicle.

The officers returned and approached Daniel as he was walking away from the vehicle. After Daniel gave the officers his name and date of birth, Britten returned to the patrol car to confirm that this information matched the warrants. From inside the patrol car, Britten saw Daniel walk a few steps away from Gaddis and discard a plastic baggie. The officers then placed Daniel in handcuffs and retrieved the baggie, which appeared to contain illegal drugs. Later testing confirmed that the baggie contained controlled substances.

After handcuffing Daniel, Gaddis alerted Britten to an odor coming from Daniel's vehicle. Britten recognized the odor as the smell of "fresh marijuana, unburnt marijuana." Based on the smell, the drugs in the discarded baggie, and the

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

observation of a hand-to-hand transaction, the officers searched Daniel's vehicle. Before searching the vehicle, the officers asked whether Daniel had a weapon in the vehicle; Daniel said he did not. The search uncovered a loaded Sig Sauer .40 caliber handgun stuffed between the driver's seat and center console, as well as a backpack containing approximately 450 grams of marijuana and drug-trafficking paraphernalia. One of the officers was heard saying on the video recording that the marijuana was what they had smelled earlier.

A grand jury charged Daniel with one count of possessing a firearm as a previously convicted felon. Daniel moved to suppress all evidence, including the handgun, obtained during the warrantless search of his vehicle. The district court, accepting the recommendation of a magistrate judge, ruled that the search was lawful. Daniel then entered a conditional guilty plea pursuant to Federal Rule of Criminal Procedure 11(a)(2), reserving the right to appeal the denial of his motion to suppress. On appeal, Daniel argues the search was unconstitutional because the officers lacked probable cause. We review the district court's legal conclusions *de novo* and its factual findings for clear error. *United States v. Bearden*, 780 F.3d 887, 892 (8th Cir. 2015).

The Fourth Amendment forbids unreasonable searches and seizures. It is well settled that a warrantless search of an automobile is not unreasonable if law enforcement officers have probable cause to believe that the vehicle contains evidence of criminal activity. *United States v. Ross*, 456 U.S. 798, 823-24 (1982). Probable cause exists when the facts available to an officer would warrant a person of reasonable caution to believe that contraband or other evidence of a crime is present. *Florida v. Harris*, 133 S. Ct. 1050, 1055 (2013).

Here, the police observed Daniel engage in behavior consistent with a hand-to-hand drug transaction from inside the suspect vehicle. The officers then recovered a baggie of drugs that Daniel discarded outside the vehicle, and they smelled an odor

of marijuana emanating from the vehicle. These facts gave the officers ample reason to believe that the vehicle contained marijuana or other evidence of drug-related activity. *See United States v. Brown*, 634 F.3d 435, 438 (8th Cir. 2011); *United States v. Davis*, 569 F.3d 813, 817-18 (8th Cir. 2009); *United States v. Neumann*, 183 F.3d 753, 756 (8th Cir. 1999). Daniel disputes the district court's finding that the officers smelled marijuana before searching the vehicle, but this credibility finding is virtually unreviewable and is not clearly erroneous. The testimony, moreover, was corroborated by a video recording that shows the officers saying later that the marijuana discovered in the vehicle was the substance they had smelled earlier. That Daniel exited the vehicle and discarded a package of drugs did not eliminate reason to believe that other evidence of drug offenses remained in the vehicle from which a transaction apparently had been conducted.

Daniel complains that the search was invalid because the "sole stated purpose was to see if Mr. Daniel had a weapon" in the vehicle. The record does not show that the officers' interest in finding a gun (a common tool of the drug trafficking trade) was mutually exclusive of a desire to search for controlled substances and other evidence of drug trafficking. In any event, under the Fourth Amendment, the subjective motives of the police are not controlling. The dispositive question is whether the police had probable cause to believe that the vehicle contained evidence of criminal activity. The officers had probable cause to search, and Daniel's motion to suppress was properly denied.

The judgment of the district court is affirmed.

_____