# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-1356

_____

United States of America

*Plaintiff - Appellee*

v.

Dewayne Jones

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 14, 2018
Filed: February 6, 2019
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and GRASZ, Circuit Judges.

_____

PER CURIAM.

Dewayne Jones entered a conditional guilty plea to the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 90 months' imprisonment.[1] He appeals and we affirm.

As Jones was driving his brother's pickup truck through Little Rock in the late evening hours of October 3, 2014, he pulled out in front of a marked squad car at an intersection. Officer Danny Kelley initiated a traffic stop of Jones's vehicle, informing Jones of the reason for the stop and requesting identification from Jones and his passenger. Another officer arrived shortly thereafter and stood by the passenger side of Jones's vehicle while Officer Kelley returned to his squad car to check the identification cards. A few minutes later, Officer James Morris arrived and approached the passenger side of Jones's vehicle while the other officer moved to the rear to run the vehicle's tags.

From the passenger side, Officer Morris observed Jones using his right arm to move something in the area below the driver's seat, while at the same time holding a cell phone in his left hand. Officer Morris twice asked Jones what he was doing, to which Jones replied that he was retrieving his cell phone. At that moment, Officer Kelley returned from checking Jones's identification, having learned that Jones's license had been suspended and intending to arrest him for driving with a suspended license. As Officer Kelley approached, however, Officer Morris asked him to remove Jones from the vehicle in light of his reaching-down movement. Jones stepped out of the vehicle, moving several feet from the door and placing his hands on the truck's bed as directed by Officer Kelley. Officer Morris then moved to the driver's side and immediately noticed a bulge under the floor mat, from under which he retrieved a loaded nine-millimeter handgun. Dispatch informed the officers that Jones was a felon, and he was taken into custody.

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

In denying Jones's motion to suppress the fruits of the search, the district court found that Jones was not arrested until after the firearm was recovered, concluding that Officer Morris's search was a protective search requiring only reasonable suspicion. The court determined that Jones's furtive movements, as well as his suspicious explanation for them, gave rise to reasonable suspicion, citing United States v. Sanford, 813 F.3d 708 (8th Cir. 2016) (per curiam).

On appeal from the denial of a motion to suppress, we review the district court's factual findings for clear error and its constitutional determination *de novo*. See id. at 712. We will affirm the district court "unless the denial of the motion is unsupported by substantial evidence, based on an erroneous interpretation of the law, or, based on the entire record, it is clear that a mistake was made." United States v. Gunnell, 775 F.3d 1079, 1083 (8th Cir. 2015).

Jones asserts that the district court's factual finding regarding the time of the arrest was clearly erroneous. He contends that he was under arrest from the moment he was asked to step out of the car, given Officer Kelley's intention to arrest him at that point for driving with a suspended license. Jones argues that we must therefore analyze the search under the search-incident-to-arrest standard set forth in Arizona v. Gant, 556 U.S. 332, 351 (2009), which prohibits officers from searching a vehicle incident to arrest unless "the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Alternatively, Jones contends that Officer Morris lacked reasonable suspicion to conduct a protective search under Michigan v. Long, 463 U.S. 1032, 1051-52 (1983).

The timing of Jones's arrest does not determine the outcome here because "[e]ven if the search incident to arrest exception d[oes] not apply, . . . concerns for officer safety would justify the search under Michigan v. Long's reasonable suspicion of dangerousness exception." United States v. Goodwin-Bey, 584 F.3d 1117, 1120

(8th Cir. 2009). In Goodwin-Bey, officers stopped a vehicle and placed one occupant under arrest while removing three others from the vehicle to be frisked. An officer then used the driver's keys to unlock the glove box, recovering a firearm. We held that "a reasonably prudent officer on the scene would be warranted in believing that Goodwin-Bey and his unsecured passengers were 'dangerous and might access the vehicle to gain immediate control of weapons.'" Id. at 1121 (internal quotation marks omitted) (quoting Gant, 556 U.S. at 346-47).

The same concerns for officer safety were present here. Jones's furtive movements and suspicious explanation of those movements, combined with Officer Morris's subsequent observation of a bulge under the floor mat gave rise to an objectively reasonable concern for officer safety or suspicion of danger. See Sanford, 813 F.3d at 713 ("Officer Muhlenbruch observed Sanford lean forward in the passenger seat of the car and obscure an object under the passenger seat. Officer Muhlenbruch reasonably believed the suspect presented a serious threat."); Williams v. Decker, 767 F.3d 734, 740 (8th Cir. 2014) ("Rather than raise his hands as the officers instructed, Officer Decker saw Williams lean forward while keeping his hands concealed."). Moreover, the firearm was freely accessible to the passenger, who remained unrestrained within the vehicle. This posed an even greater degree of danger to the officers than did the firearm in Goodwin-Bey, which remained locked in the glove box while the passengers stood outside the vehicle. See Goodwin-Bey, 584 F.3d at 1118. Officer Morris's testimony that he did not perceive the passenger to be threatening is of no consequence to our analysis, for "we evaluate whether a reasonable suspicion of dangerousness existed under an objective, not a subjective, standard." Id. at 1120 (finding a reasonable suspicion of dangerousness "[a]lthough neither Officer Rankey's report nor his testimony mention any suspicion that Goodwin-Bey or the other occupants might pose a danger"). Because Officer Morris's search was reasonable under Michigan v. Long, we need not rule on the district court's time-of-arrest factual finding.

The denial of Jones's motion to suppress is affirmed.

_____